UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CUSTOMIZED PROMOTIONAL
PRODUCTS ANTITRUST LITIGATION    MDL No. 2812

ORDER DENYING TRANSFER

**Before the Panel:** Plaintiff in an action pending in the Southern District of Texas (*Braley*) moves to centralize her action and an action pending in the District of Oregon (*Kjessler*) in the Southern District of Texas. The actions are listed on the attached Schedule A. The Panel has been informed of two additional federal actions (*Lang* and *Rueckert*), also pending in the Southern District of Texas, involving related issues.

The *Lang* plaintiff supports centralization in the Southern District of Texas. But, citing the pendency of a motion to transfer the *Kjessler* action to the Southern District of Texas under 28 U.S.C. § 1404(a), all other responding parties oppose centralization, at least at this time. The *Kjessler* plaintiff argues that the issue of centralization is moot because no party to date has opposed the Section 1404 motion, and thus it likely will be granted. The *Kjessler* plaintiff also argues that centralization is unnecessary in light of the small number of involved actions. Common defendants Zaappaaz, Inc., and Azim Makanojiya argue that the Panel should hold the motion for centralization in abeyance, pending a decision on the Section 1404 motion in *Kjessler*. Common defendant Netbrands Media Corporation argues that there is a reasonable prospect that the Section 1404 motion in *Kjessler* will eliminate the multidistrict character of the litigation.

On the basis of the papers filed and the hearing session held, we deny the *Braley* plaintiff's motion. As all parties acknowledge, these Sherman Act putative class actions share factual issues stemming from allegations that defendants conspired to fix prices of customized promotional products (*e.g.*, silicone wristbands, customized lanyards, and customized pin buttons). Centralization thus might avoid duplicative discovery, as well as the potential for conflicting rulings on class certification and other pretrial matters.

But, as we repeatedly have held, "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *E.g., In re: 3M Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (quoting *In re: Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012)). Given the pendency of the Section 1404 motion in *Kjessler*, such a prospect plainly exists here.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: CUSTOMIZED PROMOTIONAL
PRODUCTS ANTITRUST LITIGATION                          MDL No. 2812

## SCHEDULE A

<u>District of Oregon</u>

KJESSLER v. ZAAPPAAZ, INC., ET AL., C.A. No. 3:17-01361

<u>Southern District of Texas</u>

BRALEY v. AHMED, ET AL., C.A. No. 4:17-03064